[Cite as *Dix Rd. Property Mgt., L.L.C. v. Brown*, 2022-Ohio-2310.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DIX ROAD PROPERTY MANAGEMENT, LLC, | : | APPEAL NO. C-210657 TRIAL NO. 21CV-04708 |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| vs. | : | |
| SUSAN BROWN, | : | |
| and | : | |
| STEVEN C. KRUMINS, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:    Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: July 1, 2022


*Joseph R. Matejkovic,* for Plaintiff-Appellant,

*John Mulvey,* for Defendants-Appellees.

**MYERS, Presiding Judge.**

**{¶1}** Plaintiff-appellant Dix Road Property Management, LLC ("Dix") appeals the trial court's entry granting judgment to Dix on both its claims against defendants-appellees Susan Brown and Steven C. Krumins and on the counterclaims Brown and Krumins asserted against Dix. Because the entry appealed from is not a final, appealable order, we dismiss the appeal.

### *Factual and Procedural Background*

**{¶2}** Dix filed a complaint against Brown and Krumins, who were former tenants of Dix, asserting claims for breach of contract and a violation of R.C. 5321.01 *et seq*. The complaint alleged that Brown and Krumins failed to pay rent, late fees, pet fees, utilities, maintenance charges, and other similar charges, and that, contrary to the requirements under the parties' lease and the requirements imposed on them pursuant to R.C. 5321.05, they caused physical damage to the property, beyond normal wear and tear. Dix sought $5,796.03 in damages, as well as pre-and post-judgment interest "at the contract rate of 18% per year (lease at §1.7) or the current legal rate, whichever is greater, from the date Defendants surrendered possession of the subject premises."

**{¶3}** Brown and Krumins asserted counterclaims for unjust enrichment and breach of contract against Dix. The case was tried before a municipal court magistrate. On October 27, 2021, the magistrate issued a judgment following trial in favor of Dix on both its claims and on Brown and Krumins's counterclaims. She awarded Dix judgment in the amount of $4,438.08, but did not award pre-or post-judgment interest.

**{¶4}** On November 10, 2021, Dix timely filed objections to the magistrate's decision, arguing that the magistrate erred in failing to award Dix pre-and post-judgment interest. On November 15, 2021, the trial court issued an entry adopting the

magistrate's decision. The entry made no reference to or mention of the objections that Dix had filed.

{¶5} Dix appeals from the trial court's entry, arguing in a single assignment of error that the trial court erred in granting judgment to Dix without awarding pre- and post-judgment interest.

### *Failure to Rule on Objections*

{¶6} This court only has jurisdiction to review final orders and judgments. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03. A decision issued by a magistrate remains interlocutory until a trial court "(1) rules on any objections, (2) adopts, modifies, or rejects the magistrate's decision, and (3) enters a judgment that determines all the claims for relief." *255 Fifth Street Holdings LLC* v. *Chemed Sislin, LLC*, 1st Dist. Hamilton No. C-200083, 2020-Ohio-5248, ¶ 5; Civ.R. 53(D)(4).

{¶7} Here, the trial court's entry did not comply with the first requirement necessary to render an interlocutory decision issued by a magistrate final. The trial court never ruled on the objections filed by Dix. The entry made no mention of the objections and did not indicate whether the trial court overruled them or found them to be well taken.

{¶8} Because the trial court failed to rule on the pending objections, the magistrate's decision remained interlocutory and the trial court's entry was not a final, appealable order. We consequently lack jurisdiction to consider this appeal. The appeal is accordingly dismissed.

Appeal dismissed.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.